IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02523-PSF-BNB

DENISE PINKARD,

    Plaintiff,

v.

MARILYN LOZANO, HR Area Representative;
JEANNE DeLONG, QEM Manager;
RAJEAN TIFFANY, QEM Supervisor; and
AMGEN, INC.,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS INDIVIDUAL DEFENDANTS

This matter comes before the Court on defendants' motion to compel arbitration, stay proceedings pending arbitration, and dismiss claims against the individual defendants (Dkt. # 9), filed April 17, 2007. Plaintiff, who is appearing *pro se*, has not filed a response to the motion. Defendants filed a reply on May 16, 2007 (Dkt. # 12), arguing that plaintiff's failure to respond constitutes a confession of the motion, citing to other cases decided in this district. This Court does not find those cases to be apposite here, and in any event disagrees that a motion to compel arbitration should be deemed confessed solely by plaintiff's failure to respond. If the arbitrator has no authority, reference to the arbitrator would be futile. Accordingly, the Court addresses the motion on its merits.

**I.     BACKGROUND**

Plaintiff's *pro se* complaint alleges that Defendant Amgen, Inc., her former employer, and the individual named defendants, discriminated against her in May 2005 on the basis of gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq*, on the basis of a disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), *et seq*, retaliated against her for exercising her rights under all three of the above cited statutes, and violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, *et seq.*, when she was denied her medical leave requests and terminated from her position with the company.

Defendants' motion asserts that these claims are subject to arbitration based on a Settlement Agreement and Release signed by plaintiff in June 1998, a copy of which is attached to the defendants' motion as Exhibit A.  It appears from the statements contained in defendants' motion that in June 1998 plaintiff was advised that she would be laid off from her position with Amgen, and contemporaneously she entered into the above-referenced agreement with Amgen.  The agreement essentially provided for severance benefits to be paid by Amgen to plaintiff through June 1999, provided that if plaintiff were rehired by Amgen at a lower paying position, the severance payments would continue through June 1999 but at a reduced amount.  The agreement contains a paragraph providing for arbitration of any dispute arising between the parties including "those concerning the formation, validity, interpretation, effect or alleged violations of this Agreement. . . . "  Exhibit A to motion, at 11.

According to defendants' motion, plaintiff was offered a new position with Amgen, which she accepted, and commenced work in that position in September 1998. Thereafter, she held different positions with Amgen through May 2005 when she was terminated. She filed a charge of discrimination with the EEOC on February 23, 2006. She filed her *pro se* complaint on December 15, 2006.

## II.   DEFENDANTS' MOTION

Defendants' motion argues that all of plaintiff's claims must be referred to arbitration under the arbitration provision quoted above. Defendants also contend that the claims against the individual defendants, who according to defendants' motion are employees of Amgen and former supervisors of plaintiff, must be dismissed because liability against individual supervisors or employees is not available under the statutes upon which plaintiff bases her claims.

## III.   ANALYSIS

The Court agrees that the claims against the individual defendants must be dismissed insofar as they are alleged under Title VII, the ADEA and the ADA, based on established Tenth Circuit law holding that supervisors are not "employers" for purpose of the application of those statutes. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("Under Title VII . . . individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose action would constitute a violation of the Act."); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (holding that ADA precludes individual liability and recognizing that majority of federal circuit and district courts have held same regarding ADEA); *see*

*also Medina v. Ramsey Steel Co., Inc.* 238 F.3d 674, 686 (5th Cir. 2001) (affirming summary judgment for plaintiff's former supervisor on grounds that ADEA does not provide for individual liability).

With respect to the plaintiff's claim under the FMLA, the Tenth Circuit has apparently not decided whether supervisors may be held liable as "employers" under that statute. It appears that a majority of courts that have faced this issue have found that individuals may be held liable as "employers" for purposes of the FMLA, as the statutory definition of employer in the FMLA is similar to the definition contained in the Fair Labor Standards Act ("FLSA"). *See Mitchell v. Chapman,* 343 F. 3d 811, 827 (6th Cir. 2003) and cases surveyed therein. However, to establish an individual's liability within the meaning of the term "employer," the individual must have supervisory authority over the complaining employee, *see Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987), or control in some way the plaintiff's ability to take a leave of absence and return to work, *see Freemon v. Foley*, 911 F. Supp. 326, 332 (N.D. Ill.1995).

Here, plaintiff has not alleged any specific facts regarding the exercise of supervisory authority over her, or control over her taking of leave or her return to work, by any of the individual defendants that would render any of them liable under the FMLA. There is no allegation in the complaint, or even in her EEOC charge attached thereto, that the individual defendants controlled her ability to take leave, or caused her to be terminated for requesting such leave. Thus plaintiff's FMLA claims against the individual defendants must also be dismissed.

The Court does not agree that the claims against Amgen are subject to arbitration based on the agreement signed by plaintiff in 1998, and therefore declines to compel arbitration of these claims.  This Court finds that the arbitration clause contained in the 1998 agreement is not susceptible of an interpretation that covers the asserted dispute.  *See GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1162 (D. Colo. 2001), quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960).  As stated in *GATX Mgmt. Servs., LLC* , *supra*, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which she has not agreed so to submit, citing to *AT & T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986).

As noted above, the subject of the plaintiff's 1998 settlement agreement with Amgen was the severance of plaintiff from her employment in 1998, and the payment of benefits related thereto.  The events alleged in plaintiff's complaint occurred primarily in 2005, some seven years afterwards, and relate to alleged discrimination in the conditions of employment at that time.  The Court cannot find that plaintiff agreed in her 1998 agreement to arbitrate discrimination claims that would arise seven years later.  Such claims cannot be said to be the subject of the prior agreement.

Moreover, the Court notes that the 1998 settlement agreement provides for a release by plaintiff of claims she had against Amgen at the time, including claims for violation of Title VII and other anti-discrimination statutes (Exhibit A to motion at 5).  However, the language of the settlement agreement expressly speaks of the release of claims the plaintiff "has or had" at that time against Amgen (*id.* at 4), or claims that "may

have arisen" under the discrimination statutes (*id.* at 5). Thus the settlement agreement only speaks in the past tense, and contains no release of claims that could occur in the future. As all of plaintiff's alleged claims in the instant complaint arose after the settlement agreement, they cannot be the subject of the agreement, and therefore they are not subject to arbitration.

The Court recognizes that plaintiff's failure to file an opposition to defendant's motion may indicate that she does not oppose going to arbitration. If so, the parties are free to enter into a specific arbitration agreement with respect to the present claims, and plaintiff is free to dismiss her complaint or seek to stay the claims pending arbitration. Otherwise, Defendant Amgen should file a responsive pleading.

## IV.   CONCLUSION

Defendants' Motion to Compel Arbitration, Stay Proceedings Pending Arbitration, and Dismiss claims against the individual defendants (Dkt. # 9) is GRANTED in part and DENIED in part. For the reasons set forth above, the claims alleged against the individual defendants are dismissed and their names shall be removed from the case caption in future filings. The motion to compel arbitration is DENIED. Defendant Amgen is directed to file a responsive pleading within 20 days of this Order.

DATED: November 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge